IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VIOLETA PODRUMEDIC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:19-cv-07857 |
| v. ) | |
| ) | |
| TRANS UNION, LLC, ) | |
| DEPARTMENT STORES NATIONAL BANK ) | |
| d/b/a MACY'S, CREDIT ONE BANK, N.A., ) | |
| and VERIZON WIRELESS SERVICES, LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMEs the Plaintiff, VIOLETA PODRUMEDIC, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against TRANS UNION, LLC, DEPARTMENT STORES NATIONAL BANK d/b/a MACY'S, CREDIT ONE BANK, N.A., and VERIZON WIRELESS SERVICES, LLC. Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

1

4. VIOLETA PODRUMEDIC, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Chicago, County of Cook, State of Illinois.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692(a)(3) and 15 U.S.C. §1681a(c).

6. TRANS UNION, LLC, (hereinafter, "Trans Union") is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Illinois, is a citizen of the State of Illinois.

7. At all relevant times Trans Union was a "person" as that term is defined by 15 U.S.C. §1681a(b).

8. At all relevant times Trans Union was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

9. DEPARTMENT STORES NATIONAL BANK d/b/a MACY'S, (hereinafter, "Macy's") is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Illinois, is a citizen of the State of Illinois.

10. At all relevant times, Macy's was a "person" as that term is defined by 15 U.S.C. §1681a(b).

11. CREDIT ONE BANK, N.A., (hereinafter, "Credit One") is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Illinois, is a citizen of the State of Illinois.

12. At all relevant times, Credit One was a "person" as that term is defined by 15 U.S.C. §1681a(b).

13. VERIZON WIRELESS SERVICES, LLC. (hereinafter, "Verizon") is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Illinois, is a citizen of the State of Illinois.

14. At all relevant times, Verizon was a "person" as that term is defined by 15 U.S.C. §1681a(b)

15. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

### IV. ALLEGATIONS

### COUNT I: VIOLETA PODRUMEDIC v. TRANS UNION, LLC. FOR VIOLATIONS OF THE FCRA

16. Trans Union has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter the "inaccurate information").

17. The inaccurate information of which Plaintiff complains are accounts, or trade-lines from each of the co-Defendants.

18. Specifically, Plaintiff asserts that she did not incur any of these debts. She did not open the accounts, she did not authorize the opening of the accounts, she did not receive any benefit from the accounts being opened, and she did not receive any notice that these accounts were opened aside from the viewing on her credit report. (hereinafter "the inaccurate information")

19. Despite the foregoing, Trans Union has disseminated credit reports and/or information that the accounts are her debts and are delinquent.

20. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

21. Credit reports containing the inaccurate information have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

22. On August 26, 2019, Plaintiff disputed the inaccurate information with Trans Union by written communication to its representatives and by following Trans Union's established procedure for disputing consumer credit information.

23. Furthermore, Plaintiff disputed address and contact information that was inaccurate.

24. Plaintiff received a confirmation number from Trans Union relative to his dispute.

25. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Trans Union, Trans Union notified Macy's, Credit One, and Verizon of Plaintiff's dispute and the nature of the dispute.

26. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Trans Union, Macy's, Credit One, and Verizon received notification from Trans Union of Plaintiff's dispute and the nature of the dispute.

27. Upon information and belief, Trans Union received the results of each of Macy's, Credit One's, and Verizon's investigation as to Plaintiff's dispute.

28. Upon information and belief, Trans Union updated the reporting of the account(s) at issued solely based upon the information it received from Macy's, Credit One, and Verizon in response to Plaintiff's dispute.

29. Despite Plaintiff's efforts to date, Trans Union has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable re-investigations of the above dispute as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information, and has continued to report the derogatory inaccurate information about Plaintiff.

30. Plaintiff's credit reports and file have been obtained from TRANS UNION, LLC. and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

31. As a result of TRANS UNION, LLC.'s conduct, Plaintiff has suffered actual damages in the forms of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

32. At all times pertinent hereto, Trans Union was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Trans Union.

33. At all times pertinent hereto, the conduct of Trans Union, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

34. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Trans Union is liable to Plaintiff for engaging in the following conduct:

a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and/or

e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

35. The conduct of Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Trans Union is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### COUNT II: VIOLETA PODRUMEDIC v. DEPARTMENT STORES NATIONAL BANK d/b/a MACY'S, FOR VIOLATIONS OF THE FCRA

36. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

37. Macy's violated sections 1681n and 1681o of the FCRA by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

a. willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed upon receiving notice of the dispute of the consumer from Trans Union;

    b. willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to by Trans Union;

    c. willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    d. willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    e. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

    f. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

38. Macy's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Macy's is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

### COUNT III: VIOLETA PODRUMEDIC v. CREDIT ONE BANK, N.A., FOR VIOLATIONS OF THE FCRA

39. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

40. Credit One violated sections 1681n and 1681o of the FCRA by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

    a. willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed upon receiving notice of the dispute of the consumer from Trans Union;

    b. willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to by Trans Union;

7

    c. willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    d. willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    e. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

    f. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

41. Credit One's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Credit One is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## COUNT IV: VIOLETA PODRUMEDIC v. VERIZON WIRELESS SERVICES, LLC FOR VIOLATIONS OF THE FCRA

42. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

43. Verizon Wireless violated sections 1681n and 1681o of the FCRA by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

    a. willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed upon receiving notice of the dispute of the consumer from Trans Union;

    b. willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to by Trans Union;

    c. willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    d. willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    e. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

    f. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

44. Verizon Wireless's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Verizon Wireless is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## V.    JURY DEMAND

45. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, VIOLETA PODRUMEDIC, by and through her attorneys, respectfully pray for judgment in her favor and against TRANS UNION, LLC, DEPARTMENT STORES NATIONAL BANK d/b/a MACY'S, CREDIT ONE BANK, N.A., and VERIZON WIRELESS as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages;

    c.    Plaintiff's attorneys' fees and costs;

  d.  Punitive damages; and,

  e.  Such other and further relief as may be necessary, just and proper.

Respectfully submitted,
**VIOLETA PODRUMEDIC**

By: <u>s/ David M. Marco</u>
   Attorney for Plaintiff

<u>Dated: November 27, 2019</u>

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail:  dmarco@smithmarco.com