IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **VIOLETA PODRUMEDIC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | 1:19-cv-07857 |
| v. | ) | |
| | ) | Judge Alonso |
| **TRANS UNION, LLC,** | ) | Magistrate Judge Schenkier |
| **DEPARTMENT STORES NATIONAL BANK** | ) | |
| **d/b/a MACY'S, CREDIT ONE BANK, N.A.,** | ) | |
| **and VERIZON WIRELESS SERVICES, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## JOINT STATUS REPORT

**I.** **The Nature of the Case:**

    **A. State the basis for federal jurisdiction.**

    Jurisdiction of this Court arises under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681 et seq., and pursuant to 28 U.S.C. §1331 and §1337. Venue is proper in this district pursuant to 28 U.S.C. §1391(b);

    **B. Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third party-claims.**

    **Plaintiff's Position**

    This is an action brought for damages by Plaintiff against Defendants. Specifically, Plaintiff has alleged that Defendants, DSNB d/b/a Macy's, Credit One Bank, and Verizon, are reporting accounts to Defendant, Trans Union, that are believed to be the result of identity theft; the accounts were not opened by Plaintiff and she is not responsible for the balances owing on the accounts. Plaintiff disputed the reporting of the accounts to Trans Union; each Defendant "verified" the inaccurate information.

Plaintiff has alleged that Defendants failed to conduct a reasonable investigation into Plaintiff's disputes and further alleged that Defendant, Trans Union, failed to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

**Defendant Trans Union:**

Plaintiff claims that DSNB d/b/a Macy's, Credit One, and Verizon wrongly reported accounts to Trans Union that were fraudulently opened by an ID thief. Plaintiff disputed the accounts with Trans Union 7 times, but never provided a Fraud Affidavit or Law Enforcement Report that would require Trans Union to delete the accounts. Trans Union forwarded Plaintiff's disputes to the creditors, and the creditors repeatedly stated Plaintiff was wrong and that the accounts were reporting accurately with Plaintiff's indicative information.

Case law holds that since Plaintiff failed to include a Fraud Affidavit or Law Enforcement Report with any of her disputes that would have required Trans Union to delete the accounts, Trans Union properly relied upon DSNB d/b/a Macy's, Credit One, and Verizon, the only parties with a direct relationship to Plaintiff and, thus, in the best position to say whether or not the information they provided to Trans Union was accurate.

In any event, Plaintiff has a poor credit history and will be unable to show that the reporting of DSNB d/b/a Macy's, Credit One, and Verizon caused her any emotional distress or was the required "substantial factor" in any claimed credit denials.

**Defendant, Credit One Bank, N.A.,**

At all relevant times herein, Credit One maintained reasonable procedures to ensure the accuracy of the information furnished to credit reporting agencies concerning Plaintiff. Credit One conducted a reasonable investigation of Plaintiff's dispute in accordance with the FCRA. Credit One complied with the FCRA in its handling of Plaintiff's accounts. Credit One denies that Plaintiff has been damaged as a result of any action or omission of Credit One and denies that it proximately caused Plaintiff any damage. Credit One denies that it acted willfully or with reckless disregard of its obligations under the FCRA. Credit One reserves the right to amend as the facts of this case are developed through discovery.

C. **Describe the relief sought.**

Plaintiff claims the following damages: (1) statutory damages under the FCRA; (2) actual/compensatory damages in the nature of credit denials and/or other economic damages; (3) actual/compensatory damages in the nature of credit defamation and harm to credit reputation; (4) actual/compensatory damages in the nature of emotional distress, including anxiety, frustration, embarrassment, humiliation, etc.; (5) punitive damages; and (6) attorney's fees and costs.

D. **State whether there has been a jury demand.**

Plaintiff has requested a jury demand.

E. **List the names of any parties who have not been served.**

Defendant, DSNB d/b/a Macy's has not yet been served.

II. **Discovery and Pending Motions**

    A. **Identify all pending motions.**

    There are currently no pending motions.

    B. **Submit a proposal for discovery and a case management plan that includes the following information:**

        1. **The general type of discovery needed, including any potential electronic discovery or bifurcated discovery.**

        The parties expect to conduct written and oral discovery targeted to the accounts at issue and the Defendants' investigation into Plaintiff's dispute. Extensive ESI discovery is unlikely, and the parties have agreed to produce any electronically stored information in hard copy as an initial matter. Once the parties have had the opportunity to review such documents, the parties agree, if necessary, to confer amongst themselves regarding any additional exchange or production that either party believes necessary.

        2. **The need for any proposed protective order.**

        The parties anticipate seeking the entry of a protective order; any protective orders shall be filed by February 13, 2020.

        3. **26(a)(1) Disclosures/MIDP responses are due.**

        MIDP responses are due by 30 days from Defendant(s) Answer date.

        4. **The date by which the parties will complete fact discovery.**

        Fact discovery to be completed by August 28, 2020.

        5. **Whether expert discovery is contemplated and, if so, the dates by which Rule 26(a)(2) disclosures will be made and expert depositions completed.**

        Plaintiff will disclose any experts by September 25, 2020.

    Defendants will disclose any experts by October 23, 2020.

    6. **The date by which the parties will complete expert discovery.**

    Expert discovery to be completed by November 27, 2020.

    7. **The date by which the parties must file any dispositive motions.**

    Dispositive motions to be filed by December 31, 2020.

**III.**   **Settlement and Referrals**

    A. **State whether any settlement discussions have occurred and describe the status of any settlement discussions. Do *not* provide the particulars of any settlement demands or offers that have been made.**

    To date, no settlement discussions have occurred. The parties are collectively investigating the claims and defenses to discern the viability of an early settlement.

    B. **State whether the parties request a settlement conference at this time before this Court of the Magistrate Judge.**

    The parties do not request a settlement conference at this time.

    C. **State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to that procedure. (Do *not* report whether individual parties have so consented.) The court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.**

    The parties do not unanimously consent to the jurisdiction of the Magistrate Judge.

**IV.**   **Other**

    **Electronic Service of Discovery:** The parties agree that, pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure, any pleadings or other papers, including discovery requests, may be served, where practicable, by sending such documents by email to the primary and/or secondary email addresses listed below (or any updated email address provided to all counsel of record), provided that the serving party receives confirmation of

receipt from the receiving party. The format to be used for attachments to any email message shall be either Microsoft Word (.doc or .docx) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, then the sending party shall promptly (within three (3) business days of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

**Exhibits:** The parties agree to use a unified exhibit numbering system for any depositions to be taken by either party in this matter.

Dated: January 15, 2020

| | |
|---|---|
| **For Plaintiff,**<br>**VIOLETA PODRUMEDIC**<br><br>  s/ David M. Marco<br>David M. Marco<br>IL Bar No. 6273315/FL Bar No. 125266<br>SMITHMARCO, P.C.<br>55 W. Monroe Street, Suite 1200<br>Chicago, IL 60603<br>Telephone:   (312) 546-6539<br>Facsimile:    (888) 418-1277<br>E-Mail:         dmarco@smithmarco.com | **For Defendant,**<br>**TRANS UNION, LLC**<br><br>  s/ Evan R. Rutter<br>Scott E. Brady<br>Evan R. Rutter<br>SCHUCKIT & ASSOCIATES, PC<br>4545 Northwestern Drive<br>Zionsville, IN46077<br>Telephone:    (317) 363-2400<br>Facsimile:      (317) 363-2257<br>E-Mail:          sbrady@schuckitlaw.com<br>                        erutter@schuckitlaw.com<br><br>**For Defendant,**<br>**CREDIT ONE BANK, N.A.**<br><br>  s/ Michael Hearon<br>Michael Hearon<br>QUARLES & BRADY LLP<br>300 N. LaSalle Street, Suite 4000<br>Chicago, IL 60654-3406<br>Telephone:    (312) 715-5285<br>E-Mail:          Michael.Hearon@quarles.com |